Kyle Gurwell (SBN 289298)
**LAW OFFICE OF KYLE GURWELL**
7755 Center Ave Ste 1100
Huntington Beach CA 92647
(714) 372-2245
kng@lawofficekg.com

*Attorney for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| Luis Lucero, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Lenovo (United States) Inc.,<br><br>Defendant | Case No. 8:23-cv-973<br><br><br><br>Class Action Complaint<br><br><br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Lenovo (United States) Inc. ("Defendant") manufactures the Legion T5 28IMB05 desktop ("Product").

2. Defendant markets its computers with the representations that they are built with an "Intel Core i5 2.90 GHz processor [that] provides [a] solid performance," an "8 GB DDR4 SDRAM memory to handle complex applications simultaneously," "1 TB HDD" of storage, a "256 GB SSD [to] keep[ ] running programs active while [the] computer resumes from suspension in seconds," and "a NVIDIA GeForce GTX 1650 Super discrete graphic card for gaming and graphic designing, [to deliver an] optimal visual experience."

- Intel Core i5 2.90 GHz processor provides you the solid performance to watch videos, play games, and on the same node its adaptability makes you more productive
- 8 GB DDR4 SDRAM memory to handle complex applications simultaneously
- 1 TB HDD provides you enough space to store all your documents and multimedia content
- 256 GB SSD keeps your running programs active while your computer resumes from suspension in seconds
- NVIDIA GeForce GTX 1650 Super discrete graphic card for gaming and graphic designing that delivers the optimal visual experience
- With Windows 10 Home edition, enjoy your favorite content all at once on a larger view edge browser. Share your thoughts with the world by writing directly on web pages.

3. The description tells consumers it will function reliably, not freeze or crash, and run smoothly during operation subject to normal use.

4. Despite users' expectations the Product would function reliably for games, graphic design, and other everyday use without freezing or crashing, hardware and software defects have prevented this.

5. These issues are manifested in the frequent and severe freezing and/or crashing, significantly interrupting the use of their devices.



LEN2021OVO
What's DOS?

Posts: 1
Registered: 2021-04-27 15:23:25
Location: United States of America
Views: 15

2021-04-27 15:53:11

Legion T5 28IMB05 constantly gets severe freezes

New desktop constantly gets severe freezes in multiple scenarios. The kind of freezes where the screen completely freezes, the clock doesn't update, and the caps lock light does not respond. The only way out of the freeze is to force a shutdown. I used to think the problem was the storage hard drive because it froze at least 4 times downloading a game from Steam onto the hard drive. It also froze once just from trying to access the hard drive files. But it has also frozen just from using the browser (installed on the SSD). Reinstalling Windows did not fix the problem.

Does anyone else have this problem? Would replacing the PC with a different one fix the problem?

**Legion T5 28IMB05 constantly gets severe freezes**

New desktop constantly gets severe freezes in multiple scenarios. The kind of freezes where the screen completely freezes, the clock doesn't update, and the caps lock light does not respond. The only way out of the freeze is to force a shutdown. I used to think the problem was the storage hard drive because it froze at least 4 times downloading a game from Steam onto the hard drive. It also froze once just from trying to access the hard drive files. But it has also frozen just from using the browser (installed on the SSD). Reinstalling Windows did not fix the problem.

> Taterz
> Paper Tape
> 2021-08-26 22:33:43
> Legion T5 tower 28IMB05 freezing
>
> Posts: 6
> Registered: 2020-11-19 21:38:39
> Location: United States of America
> Views: 35
> Message 11 of 584
>
> I've seen other forums where this has been mentioned, but not resolved. My Legion T5 tower keeps freezing multiple times throughout the day. Most often when watching online videos or visiting shopping apps/websites. I'm unable to use keyboard or mouse. I have to manually shut down by pressing the power button and then reboot. It will work again for a couple of hours and then freeze up again.
>
> What's causing this?! Has anyone found any real fixes? All drivers are up-to-date.

**Legion T5 tower 28IMB05 freezing**

I've seen other forums where this has been mentioned, but not resolved. My Legion T5 tower keeps freezing multiple times throughout the day. Most often when watching online videos or visiting shopping apps/websites. I'm unable to use keyboard or mouse. I have to manually shut down by pressing the power button and then reboot. It will work again for a couple of hours and then freeze up again.

6. An identified cause are the NVIDIA audio and graphics drivers, believed incompatible with the Product's other drivers, software and components.

7. While temporary options have been proposed including re-installing the relevant drivers, a permanent solution has not been found.

8. This is especially frustrating for users because Defendant has not categorized this as a defect, which prevents warranty coverage.

> **Mikew2007**
> Paper Tape
>
> Posts: 5
> Registered: 2020-09-12 05:35:20
> Location: Canada
> Views: 30
>
> Message 138 of 236
>
> 2021-12-21 10:40:10
>
> **Re:Legion T5 28IMB05 constantly gets severe freezes**
>
> Hi Everyone,
>
> I'm only just discovering this forum, and I've been experiencing freezing issues with my Legion T5 now since August 2021.
>
> I do have Lenovo Ultimate Support, and I've spoken to them several times now.
>
> I just wanted to post here to let you guys know what they've told me, and maybe this could help some people:
>
> The last time I spoke to Lenovo support was yesterday (December 20, 2021) and they've told 2 things are causing the problem:
>
> 1) The Audio Driver, &
>
> 2) The Graphics Driver
>
> Both drivers need to be re-installed through Lenovo provided software. DO NOT update the drivers after installing them from Lenovo's website, & turn off automatic updates. You may also want to revert the BIOS to default settings if that has been altered at all.
>
> **Lenovo is apparently working with NVIDIA to roll out a new update that will correct the freezing issues.**

9.  Hundreds of users have taken to internet message boards with similar stories and their efforts to find a solution, to no avail.

10. Plaintiff's device frequently froze and crashed, whether he was gaming, listening to music, or simply reading emails, significantly interrupting his use of the Product.

11. As a result, he contacted Defendant's customer support regarding these issues.

12. Although Defendant acknowledged the support ticket and fixed his computer, the repair was short-lived, as the freezing and crashing restarted and Plaintiff was left to deal with a near-unusable Product yet again.

13. Consumers expect a computer represented – directly or indirectly – as capable of functioning reliably, not freezing or crashing, and running smoothly during operation, to act as promised, especially when it is marketed to have an Intel Core i5 2.90 GHz processor, 8 GB DDR4 SDRAM, 1 TB HDD storage, 256 GB SSD, and a NVIDIA GeForce GTX 1650 graphic card.

14. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

15. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

**PARTIES**

16. Plaintiff Luis Lucero is a citizen of Irvine, Orange County, California.

17. Defendant Lenovo (United States) Inc. is a Delaware corporation with a principal place of business in Morrisville, Wake County, North Carolina.

18. Products under the Lenovo brand have an industry-wide reputation for innovation, quality, and value.

19. Plaintiff purchased the Product within the statutes of limitations for each cause of action alleged, from Costco, 2700 Park Ave, Tustin, CA 92782, between July 2020 and June 2023.

20. Plaintiff bought the Product because he believed and expected it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use, because that is what the representations and omissions said and implied.

21. Plaintiff relied on the words, descriptions, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

22. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $1,999.00, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

23. Plaintiff paid more for the Product than he would have had he known the representations and omissions were false and misleading, or would not have purchased it.

24. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

25. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their abilities, attributes, features, and/or components.

26. Plaintiff intends to, seeks to, and will purchase the Product again when he can do so with the assurance the Product's representations are consistent with its abilities, attributes, and/or composition.

27. Plaintiff is unable to rely on the representations not only of this Product, but other

similar computers, because he is unsure whether those representations are truthful.

## JURISDICTION AND VENUE

28. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

29. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

30. Plaintiff is a citizen of California.

31. Defendant is a Delaware corporation with a principal place of business in North Carolina.

32. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

33. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold for several years with the issues described here in hundreds of locations across the States covered by Plaintiff's proposed classes.

34. The Product is available from office supply stores, consumer electronics stores, big box stores, and online

35. Venue is in this District because a substantial part of the events or omissions giving rise to these claims occurred in Orange County, including Plaintiff's purchase and/or use of the Product and awareness and/or experiences of and with the issues described here.

36. This Court has personal jurisdiction over Defendant because it transacts business within California and sells computers to consumers within California.

### Intradistrict Assignment

37. Pursuant to General Order No. 21-01, In the Matter of Assignment of Cases and Duties to District Judges, and Rule I.B.1.a.(1)(c) ("Non-Removed Cases Not Involving the United States"), this Action should be assigned to the Southern Division.

38. This assignment is because 50% or more of the plaintiffs who reside in this District reside in the Southern Division, in Orange County.

## CLASS DEFINITION AND ALLEGATIONS

39. Plaintiff brings this matter on behalf of himself and those similarly situated.

40. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **California Class:** All persons in the State of California who purchased who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Arizona, Colorado, Nevada, Oregon, and Washington who purchased the Product during the statutes of limitations for each cause of action alleged.

41. The California Class and Consumer Fraud Multi-State Class are referred to collectively as the "Class" or "Classes."

42. Plaintiff reserves the right to amend the Class definitions if discovery or further investigation reveal that any Class should be expanded or narrowed, divided into additional subclasses under Fed. R. Civ. P. 23(c)(5), or modified in any other way.

43. Excluded from the Class are: (a) Defendant, Defendant's board members, executive-level officers, and attorneys, and immediate family members of any of the foregoing persons; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court staff; and (d) any person that timely and properly excludes himself or herself from the Class in accordance with Court-approved procedures.

44. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

45. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

46. Plaintiff is an adequate representative because his interests do not conflict with other members.

47. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

48. Individual actions would risk inconsistent results, be repetitive and are impractical

to justify, as the claims are modest relative to the scope of the harm.

49. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

50. Plaintiff seeks class-wide injunctive relief because the practices continue.

## CLAIMS FOR RELIEF

### FIRST CLAIM
**Violation of California's Unfair Competition Law,
Cal. Bus. & Prof. Code § 17200, *et seq.***
(On Behalf of Plaintiff and California Class Members)

51. Plaintiff incorporates all preceding paragraphs.

52. California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), prohibits any "unlawful, unfair or fraudulent business act or practice."

53. Defendant's conduct constitutes an "unfair" and/or "fraudulent" business practice, as set forth in California Business & Professions Code §§ 17200, *et seq.*

54. Defendant's conduct is "unlawful" because it violates the California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"), and California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* ("CLRA").

55. Defendant's conduct was and continues to be unfair and fraudulent because it made materially false representations and omissions that cause(d) consumers to believe the Product would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

56. Defendant made express and implied representations that the Product would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

57. Defendant is aware of the representations and omissions it has made about the Product and its capabilities to function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

58. Had Plaintiff been aware of Defendant's practices, he would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

59. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining

1  Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and
2  practices and to commence corrective advertising.

### SECOND CLAIM
### Violation of California's False Advertising Law,
### Cal. Bus. & Prof. Code § 17500, *et seq.*
(On Behalf of Plaintiff and California Class Members)

60. The FAL prohibits "mak[ing] any false or misleading advertising claim."

61. Defendant makes "false [and] misleading advertising claim[s]" by deceiving consumers about the extent to which the Product would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

62. In reliance on this false and misleading advertising, Plaintiff purchased and used the Product without knowledge it would not function reliably, would freeze and/or crash, and would not run smoothly during operation subject to normal use.

63. Defendant knew or should have known that its representations and omissions were likely to deceive consumers.

64. Plaintiff and Class Members seek injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

### THIRD CLAIM
### Violation of California's Consumers Legal Remedies Act,
### Cal. Civ. Code § 1750, *et seq.*
(On Behalf of Plaintiff and California Class Members)
(Injunctive Relief Only)

65. The CLRA adopts a statutory scheme prohibiting deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

66. Defendant's policies, acts, and practices were designed to, and did, result in the purchase and use of the Product primarily for personal, family, or household purposes, and violated and continue to violate sections of the CLRA, including:

    a. Civil Code § 1770(a)(5), because Defendant represented that the Product had characteristics, attributes, features, capabilities, uses, benefits, and qualities it did not have;

  b. Civil Code § 1770(a)(9), because Defendant advertised the Product with an intent not to sell it as advertised; and

  c. Civil Code § 1770(a)(16), because Defendant represented that the Product had been supplied in accordance with its previous representations, when it was not.

67. Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will send a CLRA Notice to Defendant concurrently with the filing of this action or shortly thereafter, which details and includes these violations of the CLRA, demand correction of these violations, and provide the opportunity to correct these business practices.

68. If Defendant does not correct these business practices, Plaintiff will amend or seek leave to amend the Complaint to add claims for monetary relief, including restitution and actual damages under the CLRA.

69. If Defendant does not correct these business practices, Plaintiff will request injunctive relief and ask that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780.

## FOURTH CLAIM
**Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose
and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.**

70. The Product was manufactured, identified, marketed, distributed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

71. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, product descriptions distributed to resellers, and targeted digital advertising.

72. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing to directly meet those needs and desires.

73. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it would function reliably,

not freeze or crash, and run smoothly during operation, subject to normal and intended use.

74. Defendant's representations affirmed and promised that the Product would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

75. Defendant described the Product so Plaintiff believed it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use, which became part of the basis of the bargain that it would conform to its affirmations and promises.

76. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

77. This duty is based on Defendant's outsized role in the market for this type of Product, a trusted company, known for its high-quality electronics.

78. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

79. Plaintiff provided or provides notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

80. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

81. The Product did not conform to its promises or affirmations of fact due to Defendant's actions.

82. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made in marketing or advertising, because it was marketed as if it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

83. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use, and he relied on Defendant's skill and judgment to select or furnish such a suitable product.

**FIFTH CLAIM**
**Negligent Misrepresentation**

84. Defendant had a duty to truthfully represent the Product, which it breached.

85. This duty was non-delegable, and based on Defendant's position, holding itself out as having special knowledge and experience in this area, an innovative and trusted company, known for its high-quality electronics.

86. Defendant's representations and omissions regarding the Product went beyond the specific representations made in marketing and advertising, as they incorporated the extra promises and commitments to transparency and putting customers first that it has been known for.

87. These promises were outside of the standard representations that other companies may make in a standard arms-length context.

88. The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in Defendant.

89. Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, their purchase of the Product.

90. Plaintiff and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

**SIXTH CLAIM**
**Fraud**

91. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would function reliably, not freeze or crash, and run smoothly during operation, subject to normal and intended use.

92. The records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

**SEVENTH CLAIM**
**Unjust Enrichment**

93. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the proposed Class, pray for judgment and relief on all of the legal claims as follows:

A. Certification of the Class, certifying Plaintiff as representative of the Class, and designating Plaintiff's counsel as counsel for the Class;

B. A declaration that Defendant has committed the violations alleged herein;

C. For any and all injunctive relief the Court deems appropriate;

D. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and Cal Civ. Code § 1780, except for monetary damages under the CLRA;

E. An award of compensatory damages, the amount of which is to be determined at trial, except for monetary damages under the CLRA;

F. For punitive damages;

G. For attorneys' fees;

H. For costs of suit incurred;

I. For pre- and post-judgment interest at the legal rate on the foregoing sums; and

J. For such further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of action so triable.

Dated: June 5, 2023

Respectfully submitted,

/s/ Kyle Gurwell

Kyle Gurwell (SBN 289298)
**LAW OFFICE OF KYLE GURWELL**
7755 Center Ave Ste 1100
Huntington Beach CA 92647
(714) 372-2245
kng@lawofficekg.com

|   |   |
|---|---|
| 1 | |
| 2 | Spencer Sheehan (*Pro Hac Vice* Forthcoming) |
|   | **SHEEHAN & ASSOCIATES, P.C.** |
|   | 60 Cuttermill Rd Ste 412 |
| 3 | Great Neck NY 11021 |
| 4 | (516) 268-7080 |
|   | spencer@spencersheehan.com |
| 5 | |
|   | *Counsel for Plaintiff and the Proposed Class* |